UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>                    Plaintiff,<br><br>            v.<br><br>C. PFEIFFER, ET AL.,<br><br>                    Defendants. | Case No. 1:22-cv-00746-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION<br><br>(Doc. No. 11)<br><br>ORDER TO ASSIGN TO A DISTRICT JUDGE<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Donny Steward is a state prisoner proceeding pro se in this civil rights action, which was removed by Defendants from Kern County Superior Court ("KCSC") on June 21, 2022. (Doc. No. 1). On January 10, 2023, Plaintiff filed a pleading titled "Motion Requesting Amend in Part the Complaint Pursuant [sic] to FRCP § 19. Required Joinder of Parties (a)(1)(A)(B)(2). FRCP § 20 Permissive Joinder of Parties (a)(1)(A)(B)(2)(A)(B). Rule 21. Misjoinder and Nonjoinder of Parties to Dismiss the Consent to Remove the Defendant and the Granting Motion to Screen; Rule 1210(a)(b)(c); Rule 1211 [within 45 days] See Rule 11, 1927; Prof. Cond. Rule 5-200" (Doc. No. 11, "Motion"). Although from the title it appears Plaintiff requests permission to amend his operative complaint, the Motion does not describe any proposed amendments to the operative pleading nor attach a proposed amended complaint. (*See id.*). Instead, the Motion seeks a remand of this action back to state court as well as other relief,

1

including sanctions on Defense counsel, (*id*. at 13-17), which will be addressed by separate order. On January 31, 2023, Defendants filed an Opposition to the Motion. (Doc. No. 12, "Opposition"). Defendants likewise construed the Motion as seeking a remand of this action to state court. (*Id*. at 1-2). The undersigned previously granted Defendants' Request to Take Judicial Notice ("RJN") of various filings from Plaintiff's underlying state court action and his previous federal action, which are referenced in their Opposition. (Doc. No. 13). Plaintiff did not file a reply to the Opposition. For the reasons set forth below, the undersigned recommends that Plaintiff's Motion be denied in its entirety.[1]

## APPLICABLE LAW AND ANALYSIS

### A. Motion to Remand

As noted, Plaintiff styles his Motion as a "motion requesting amend." A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc*., 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, courts "construe [the motion], however styled, to be the type proper for the relief requested." *Id*. Because Plaintiff seeks a remand of this action back to state court, the Court construes the Motion as a motion to remand.

When a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove that action to federal district court. *See* 28 U.S.C. § 1441(a). Subject matter jurisdiction may be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal-question jurisdiction is governed by the "well-pleaded complaint rule" (or "Mottley rule") which provides "that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and

---

[1] A motion to remand is a dispositive motion. *See Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Because the parties have not consented to the jurisdiction of a magistrate judge, the remand motion requires an order from a district judge.

laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.").

A motion to remand is the proper procedure for a plaintiff to challenge removal. 28 U.S.C. § 1447. The party who seeks removal carries the burden of establishing by a preponderance of the evidence that removal is proper. *Moore-Thomas v. Ala. Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009). "This burden is particularly stringent for removing defendants because '[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'" *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017) (quoting *Moore-Thomas*, 553 F.3d at 1244).

Plaintiff's initial Complaint filed in KCSC alleged claims of cruel and unusual punishment under the Eighth Amendment, violation of due process under the Fourteenth Amendment, and excessive force (without specifying a federal or state law basis), along with various state law claims. (Doc. No. 1 at 7). Plaintiff then filed a first amended complaint ("FAC") alleging violations of his Eighth Amendment rights, the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), and the Rehabilitation Act (29 U.S.C § 794), as well as various state law claims. (*Id*. at 14-15).

This Court has subject matter over this action because Plaintiff's claims for relief against Defendants arise under federal law. *See* 28 U.S.C. § 1441(a) (any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court and district embracing the place where the action is proceeding); *see also Caterpillar*, 482 U.S. at 392. To the extent that Plaintiff seeks to bring any state law claims, the state law claims derive from a common nucleus of operative facts as the federal claims and this Court, thus, has supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(a).

Plaintiff does not cite any legal basis for remanding the matter to state court or argue that this Court lacks original subject matter jurisdiction. Instead, Plaintiff appears to object to the removal on the basis that not all defendants have been served and consent to removal. (*See* Doc. No. 13-14). The Court disagrees. "When a civil action is removed solely under section 1441(a), all defendants *who have been properly joined and served* must join in or consent to the removal

of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(2)(B). Further "the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Further, if a defendant has not consented to removal when the notice of removal is filed, "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011).

Plaintiff filed his FAC on June 3, 2022, after the KCSC sustained Defendants' demurrer. (Doc. No. 12, citing RJN, Ex. A). The FAC identifies the following defendants: Pfeiffer, Swain, Rohrdanz, Castro, Ulit, Smith, Carlotta, Blankenship, Cudal, Cruz, Fitzpatrick, Carrillo, Ramirez, Urbano, Licea, Villagas, Ojeda, Yeary, Chavez, Inmate Washington, and Does 1-20. (Doc. No. 1 at 16). On June 21, 2022, Defendants Fitzpatrick, Licea, Ulit, Pfeiffer, Cruz, and Urbano, who had been served with the FAC, timely filed a Notice of Removal. (Doc. No. 1). The Notice of Removal, which was signed under penalty of perjury by counsel, states that Defendants Fitzpatrick, Licea, Ulit, Pfeiffer, Cruz, and Urbano, who had been served at the time of removal consented to removal. (*Id*. at 2). On August 12, 2022, Defendant J. Ojeda filed a Notice of Consent to Removal. (See Doc. No 7). Thus, Defendant Ojeda's consent was filed before entry of judgment and is timely. The remaining named defendants who have not consented to removal have not yet been served. (*See* Doc. No. 14 at 13, § 27, Plaintiff noting twelve defendants have not yet been served).

Plaintiff 's operative FAC alleges violations of the U.S. Constitution and federal statutes, and all served defendants to date consent to removal. Accordingly, the undersigned recommends that Plaintiff's construed Motion to Remand be denied.

////
////

4

**B. <u>Motion to Amend</u>**

In an abundance of caution, due to Plaintiff's styling of his Motion as seeking to amend his operative pleading, the undersigned addresses whether the Motion, if construed as a motion to amend, should be granted. As an initial matter, Plaintiff seeks to amend under inapposite Federal Rules of Civil Procedure—Rules 19 and 20 govern joinder of parties, rather than amendment of a complaint.

Under Rule 15(a)(1) a party may amend a pleading once as a matter of course within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Because Plaintiff has already amended his complaint once, the motion to amend is governed by Rule 15(a)(2), under which "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a "district court does not err in denying leave to amend where the amendment would be futile." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Further, leave to amend may be denied where "undue prejudice to the opposing party" would result. *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). Leave to amend is generally inappropriate when the party does not submit a proposed amendment indicating what the amended complaint would have contained. *National Union of Hosp. & Health Care Employees, RWDSU, AFL-CIO v. Carey*, 557 F.2d 278, 282 (2d Cir. 1977); *Case v. State Farm Mut. Auto Ins. Co.*, 294 F.2d 676, 678 (5th Cir. 1961); *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009).

Here, Plaintiff does not set forth any proposed amendment to his operative first amended complaint. Rather, he recites many of the facts and procedural history of his prior case in the Eastern District, *Steward v. Pfeiffer*, No. 1:19-cv-01022-ADA-EPG (E.D. Cal.), which concerns the same incidents that give rise to the instant case. (*See generally* Doc. No. 11). Because Plaintiff does not set forth any proposed amendments, nor does he articulate good cause for any amendments, the undersigned recommends his motion to amend be denied. Further, after the

Court conducts a screening of the operative FAC under 28 U.S.C. § 1915A, the Court will afford Plaintiff an opportunity to file a second amended complaint if the Court finds the operative FAC deficient but capable of being cured.

Accordingly, it is **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge for purposes of these Findings and Recommendations.

It is further **RECOMMENDED**:

1. Plaintiff's construed motion to remand (Doc. No. 11) be DENIED.

2. Plaintiff's motion to amend (Doc. No. 11) be DENIED.

## NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The parties' failure to file objections within the specified time may result in waiver of any rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    June 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6